ORIGINAL
SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CRIMINAL NO. |
| TERRANCE BARNARD (1)<br>CONNIE JO CLAMPITT (2) | FILED UNDER SEAL<br>3-22CR0469-X |

# INDICTMENT

The Grand Jury charges:

At all times material to this Indictment:

### Introduction

1.  From approximately March 2021 to April 2022, defendants **Terrance Barnard** and **Connie Jo Clampitt** engaged in an illegal scheme to unlawfully enrich themselves by submitting and causing the submission of false and fraudulent insurance claims for Covid-19 testing.

2.  **Barnard** and **Clampitt** were the owners and operators of multiple entities in the Dallas-Fort Worth area and elsewhere in Texas, including TC Diagnostics LLC, Michael Edwards III LLC d/b/a ME Diagnostics, and Rhine Enterprises LLC d/b/a PHR Diagnostics, all of which purported to be diagnostic laboratories. **Barnard** and **Clampitt** used these entities to submit the false and fraudulent claims for Covid-19 testing.

3.  As a result of the scheme to defraud, insurance companies, including companies that administered health plans sponsored by private employers, suffered losses in excess of $7 million dollars.

Counts One through Ten
Health Care Fraud and Aiding and Abetting
(Violation of 18 U.S.C. §§ 1347 and 2)

4. Beginning in or about March 2021 and continuing to April 2022, in the Dallas Division of the Northern District of Texas, and elsewhere, defendants **Terrance Barnard** and **Connie Jo Clampitt**, aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud Blue Cross Blue Shield of Texas, Cigna, United Healthcare, Aetna, Humana, and Molina Health Care, health care benefit programs affecting commerce, as defined by 18 U.S.C. § 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of Blue Cross Blue Shield of Texas, Cigna, United Healthcare, Aetna, Humana, and Molina Health Care, in connection with the delivery of, and payment for, health care benefits, items, and services.

The Scheme and Artifice to Defraud

5. It was part of the scheme and artifice to defraud that **Barnard** and **Clampitt** created entities to make it appear that Covid-19 testing was performed by sophisticated diagnostic laboratories, when in truth and fact, the laboratories as portrayed did not exist.

6. It was further part of the scheme and artifice to defraud that **Barnard** used his position as a contract lab technician at various medical clinics to obtain means of identification, including names, addresses, dates of birth, and insurance subscriber information, among other things, from persons without their knowledge. **Barnard**,

**Clampitt**, and other coconspirators then used the unlawfully obtained means of identification to generate multiple false claims for Covid-19 testing. The fraudulent claims falsely represented, among other things, that Covid-19 tests were actually performed, when in fact, they were not, and that the patients were aware of and had requested these tests, when they had not.

7. It was further part of the scheme and artifice to defraud that **Barnard**, **Clampitt**, and others submitted the false claims to Blue Cross Blue Shield of Texas, Cigna, United Healthcare, Aetna, Humana, and Molina Health Care to process and pay the claims. Each of the claims had virtually identical diagnostic and billing codes.

8. It was further part of the scheme and artifice to defraud that **Barnard** and **Clampitt** opened and controlled bank accounts for the entities at multiple financial institutions, into which the fraudulently-obtained claims proceeds were deposited. The defendants also transferred the proceeds into bank accounts they held in their own names as well as the names of other entities they owned and controlled. Further, **Barnard** and **Clampitt** used some of the fraudulently-obtained funds to purchase real estate and luxury vehicles.

9. In execution and attempted execution of the scheme and artifice to defraud, defendants **Barnard** and **Clampitt** submitted or caused to be submitted the following claims on the dates indicated below, each such claim constituting a separate count:

| Count | Purported Patient | Entity Submitting Claim | Claim Number | Date of Submission/ Received (On or About) | Approximate Amount Paid/Payor |
|---|---|---|---|---|---|
| 1 | B.N. | ME | 0000202112050399E80X | 4/30/21 | $210 BCBS |
| 2 | M.M. | TC | 8682116519205 | 6/14/21 | $225 Cigna |
| 3 | D.G. | ME | CT5763883301 | 7/21/21 | $75 UHC |
| 4 | A.E. | TC | 0202123150K90140X | 8/19/21 | $150 BCBS |
| 5 | H.Z. | PHR | 8682201825560 | 1/18/22 | $75 Cigna |
| 6 | G.P. | PHR | 22035221501 | 2/3/22 | $200 Molina |
| 7 | J.K. | PHR | 0000202207350887E50X | 3/14/22 | $150 BCBS |
| 8 | K.H. | PHR | 0000202207350783E30X | 3/14/22 | $150 BCBS |
| 9 | J.K. | PHR | 000020220735005Y290X | 3/14/22 | $150 BCBS |
| 10 | K.H. | PHR | 000020220735024Y110X | 3/14/22 | $150 BCBS |

All in violation of 18 U.S.C. §§ 1347 and 2.

<u>Count Eleven</u>
Conspiracy to Commit Health Care Fraud
(Violation of 18 U.S.C. § 1349 (18 U.S.C. § 1347))

10. The Grand Jury realleges paragraphs one through nine of this Indictment by reference.

11. From in or around March 2021 and continuing to April 2022, in the Dallas Division of the Northern District of Texas and elsewhere, defendants **Terrance Barnard** and **Connie Jo Clampitt** did knowingly and willfully combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to commit the offense of health care fraud alleged in Counts One through Ten of this Indictment, in violation of 18 U.S.C. § 1347, that is, to knowingly and willfully devise and execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in 18 U.S.C. § 24(b), that is, Blue Cross Blue Shield of Texas, Cigna, United Healthcare, Aetna, Humana, and Molina Health Care, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, Blue Cross Blue Shield of Texas, Cigna, United Healthcare, Aetna, Humana, and Molina Health Care, in connection with the delivery of, and payment for, health care benefits, items, and services.

12. It was a purpose of the conspiracy for the defendants and their coconspirators to unlawfully enrich themselves through the submission of false and fraudulent claims for Covid-19 tests that were not actually performed.

13. The manner and means of the conspiracy to commit health care fraud included the conduct of defendants **Barnard** and **Clampitt** and coconspirators described in paragraphs one through nine above and Counts One through Ten of this Indictment.

All in violation of 18 U.S.C. § 1349 (18 U.S.C. § 1347).

## Counts Twelve through Eighteen
### Aggravated Identity Theft and Aiding and Abetting
(Violation of 18 U.S.C. §§ 1028A and 2)

14. The Grand Jury realleges paragraphs one through nine of this Indictment by reference.

15. On or about the dates specified below, in the Northern District of Texas and elsewhere, the defendants, **Terrance Barnard** and **Connie Jo Clampitt**, aided and abetted by others, and aiding and abetting others, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to-wit: names, insurance subscriber information, and dates of birth, during and in relation to violations of 18 U.S.C. § 1347, Health Care Fraud, knowing that the means of identification belonged to actual persons, when submitting false and fraudulent claims to health care benefit programs to obtain payment for health care services and items that were not provided, each transfer, possession, and use being a separate count:

| Count | Date (On Or About) | Possession, Use, and Transfer of Means of Identification | Amount Billed |
|---|---|---|---|
| 12 | 6/14/21 | Submission of false claim to Cigna on behalf of M.M. | $350 |
| 13 | 7/21/21 | Submission of false claim to UHC on behalf of D.G. | $350 |
| 14 | 8/19/21 | Submission of false claim to BCBS on behalf of A.E. | $350 |
| 15 | 1/18/22 | Submission of false claim to Cigna on behalf of H.Z. | $400 |

| Count | Date (On Or About) | Possession, Use, and Transfer of Means of Identification | Amount Billed |
|---|---|---|---|
| 16 | 2/3/22 | Submission of false claim to Molina on behalf of G.P. | $400 |
| 17 | 3/14/22 | Submission of false claim to BCBS on behalf of J.K. | $400 |
| 18 | 3/14/22 | Submission of false claim to BCBS on behalf of K.H. | $400 |

All in violation of 18 U.S.C. §§ 1028A and 2.

<u>Count Nineteen</u>
Conspiracy to Commit Money Laundering
(Violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i), and 1957)

16. Paragraphs one through nine of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

17. Beginning in or about March 2021 and continuing to April 2022, in the Northern District of Texas, and elsewhere, the defendants, **Terrance Barnard** and **Connie Jo Clampitt**, did knowingly combine, conspire, confederate, and agree with other persons, known and unknown to the Grand Jury,

   a. to conduct and attempt to conduct a financial transaction affecting interstate commerce involving the proceeds of a specified unlawful activity, that is, health care fraud, a violation of 18 U.S.C. § 1347, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership of the proceeds of specified unlawful activity, and knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

   b. to knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, health care fraud, a violation of 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1957.

All in violation of 18 U.S.C. § 1956(h).

## Forfeiture Notice
(18 U.S.C. § 982(a)(1), 18 U.S.C. § 982(a)(7))

18.   Pursuant to 18 U.S.C. § 982(a)(7), upon conviction of the offenses alleged in Counts One through Ten, the defendants, **Terrance Barnard** and **Connie Jo Clampitt**, shall forfeit to the United States, any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses.  Pursuant to 18 U.S.C. § 982(a)(7), upon conviction of the offense alleged in Count Eleven, the defendants, **Terrance Barnard** and **Connie Jo Clampitt**, shall forfeit to the United States, any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.  Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of the offense alleged in Count Nineteen, the defendants, **Terrance Barnard** and **Connie Jo Clampitt**, shall forfeit to the United States, any property real or personal, involved in the respective offense, and any property traceable to such property.  The property subject to forfeiture, includes, but is not limited to, the following:

a) Up to and including $2,004.72 in funds located in First United Bank and Trust account 102509794 in the name of **Connie Jo Clampitt**;

b) Up to and including $53,095.13 in funds located in First United Bank and Trust account 5630134 in the name of **Connie Jo Clampitt**;

c) Up to and including $3,309.02 in funds located in First United Bank and Trust account 5630290 in the name of CMK & Associates LLC;

d) Up to and including $332,865.20 in funds located in Mid First Bank account 7301004026 in the name of OWG & Associates LLC;

e) Up to and including $8,216.13 in funds located in Mid First Bank account 7474054163 in the name of **Connie Jo Clampitt**;

f) Up to and including $46,390.53 in funds located in Simmons Bank account 135543578 in the name of TLB and Associates LLC;

g) Up to and including $672,534.33 in funds located in Bank of Texas account 8096857532 in the name of Barbara Ann Strohl;

h) Up to and including $200,709.20 in funds located in Bank of America account 488082679851 in the name of **Terrance Michael Barnard**;

i) Up to and including $225,983.12 in funds located in Comerica Bank account 7004809633 in the name of **Terrance Michael Barnard**;

j) $994,542.19 in funds located in Frost Bank account 609645292 in the name of **Terrance Michael Barnard** and **Connie Jo Clampitt**;

k) a 1965 Ford Mustang Fastback GT350H, VIN 5F09C804048 titled to **Terrance Michael Barnard**;

l) a 2013 Shelby GT500, VIN 1ZVBP8JZ2D5225980 titled to **Terrance Michael Barnard**;

m) a 2021 Lexus GX460, VIN JTJAM7BX3M5271460 titled to William P Gray SR Revocable Trust;

n) a 2000 Pontiac Trans Am, VIN 2G2FV22G1Y2150151 titled to **Terrance Michael Barnard**; and,

o) the real property commonly known as 11225 S 90th East Avenue, Bixby, Oklahoma 74008 and legally described as: Lot Fourteen (14), Block Two (2), Amended Southwood Extended, an Addition in Tulsa County, State of Oklahoma, according to the recorded plat thereof, owner of record: William P. Gray, Sr. Trustee Of The William P. Gray, Sr. Revocable Trust.

19. The above-referenced property subject to forfeiture includes, but is not limited to, a "money judgment" in the amount of U.S. currency constituting the gross proceeds traceable to the offense.

20. Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), if any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

A TRUE BILL:

*[signature]*
FOREPERSON

CHAD E. MEACHAM
UNITED STATES ATTORNEY

*[signature]*
RENEE M. HUNTER
Assistant United States Attorney
Texas Bar No. 24072942
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Email: Renee.Hunter@usdoj.gov

Indictment—Page 13 of 13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA
v.
TERRANCE BARNARD (1)
CONNIE JO CLAMPITT (2)

SEALED INDICTMENT

18 U.S.C. §§ 1347 and 2
Health Care Fraud and Aiding and Abetting
(Counts 1 through 10)

18 U.S.C. § 1349 (18 U.S.C. § 1347)
Conspiracy to Commit Health Care Fraud
(Count 11)

18 U.S.C. §§ 1028A and 2
Aggravated Identity Theft and Aiding and Abetting
(Counts 12 through 18)

18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i), and 1957
Conspiracy to Commit Money Laundering
(Count 19)

18 U.S.C. § 982(a)(1), 18 U.S.C. § 982(a)(7)
Forfeiture Notice

19 Counts

A true bill rendered

_____
DALLAS                                                    FOREPERSON

Filed in open court this ___ 6 ___ day of December, 2022.

-----------------------------------------------------------------------------

**Warrant to be Issued for all Defendants**

-----------------------------------------------------------------------------

_____
UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending